# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
WELLS FARGO BANK, N.A., A
NATIONAL ASSOCIATION; AND THR
NEVADA II, LP, A DELAWARE
LIMITED PARTNERSHIP,
Respondents.

No. 64590

FILED

NOV 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from an order granting a motion to dismiss in a quiet title and wrongful foreclosure action. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant purchased the subject property at Sunrise Highlands Community Association's foreclosure sale, conducted to enforce Sunrise Highlands' delinquent assessment lien. Thereafter, respondent Wells Fargo held a trustee's sale and the property was conveyed to respondent THR Nevada II, LP. Appellant subsequently filed the underlying action against respondents, seeking to quiet title in appellant's name and a declaration that Wells Fargo's sale to THR was invalid. The district court granted respondents' motion to dismiss, finding that appellant had failed to state a viable claim for relief because NRS 116.3116(2)'s superpriority provision "only creates a priority to payment from foreclosure proceeds," and alternatively, because the statute "refers to a judicial foreclosure action and is not applicable when the home owner's association forecloses under the non-judicial foreclosure statutes." This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-

interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien.[1] The district court's decision thus was based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

REVERSE the order granting the motion to dismiss AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent Wells Fargo lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

---

[1]We have considered THR's "inferior title" and "purchase money mortgage" arguments and conclude that they do not provide a viable basis for affirming the district court's order.

cc: Hon. Stefany Miley, District Judge
Howard Kim & Associates
Hutchison & Steffen, LLC
Akerman LLP/Las Vegas
Eighth District Court Clerk